UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA PHARMACEUTICALS, INC., <br> Plaintiff, <br> v. <br> COLLIDION INC., et al., <br> Defendants. | Case No.17-cv-01459-EDL <br><br> **ORDER ON DISCOVERY DISPUTES IN MARCH 27, 2017 JOINT STATUS REPORT** <br> Re: Dkt. No. 80 |

On March 20, 2018, the Court held a hearing on Plaintiff's Rule 56(d) motion and several discovery disputes in this trade secrets case. On March 22, 2018, the Court granted Plaintiff's Rule 56(d) motion and deferred further briefing on Defendants' motion for partial summary judgment until the parties complete further discovery. Dkt. No. 78. The Court's order required the parties to meet and confer on the amount of time it would take to complete discovery and a proposed briefing schedule for the deferred motion. Id. It also granted in part and denied in part the relief Defendants sought with respect to certain of Plaintiff's discovery requests. Id. The Court ordered the parties to meet and confer to resolve the remaining disputes on those discovery requests, in light of the Court's rulings and guidance, and to file a status report with the Court by March 27, 2018 about their meet and confer efforts. Id.

On March 27, the parties filed a stipulated device inspection protocol, and submitted some remaining, but narrowed, discovery disputes for the Court's resolution. Dkt. Nos. 80, 81. They also provided a proposed briefing schedule for the motion for partial summary judgment. Dkt. No. 80. This order addresses the remaining discovery disputes that the parties raised in the March 27, 2018 status report, and sets a schedule to complete briefing on Defendants' pending motion. The Court has separately approved the stipulated device inspection protocol. Dkt. No. 82.

### 1. Interrogatories about Defendant Collidion's Plans to Enter the HOCl Market.

In the February 23, 2018 joint discovery letter, Defendants objected to the discovery sought mainly on the ground that Plaintiff had not adequately identified its trade secrets. The Court overruled that objection, subject to the caveat that Defendants may be entitled to additional discovery of certain research memoranda that Plaintiff had provided earlier but only recently designated as containing trade secrets. Dkt. No. 78. In their status report, the parties represent that no further discovery about the research memoranda is required.

As to the discovery requests themselves, the Court ruled that the requests as propounded were overbroad and must be narrowed to focus on the HOCl products market into which Plaintiff sells its products that are related to the allegedly misappropriated trade secrets. Id. After meeting and conferring on the narrowed requests, Defendants only continue to object to Amended Interrogatory No. 16:

> Plaintiff's Amended Interrogatory No. 16: State whether Collision claims the method(s) of manufacture identified in response to Interrogatory No. 13 as its own trade secret, and, if so, state the facts on which Collidion bases its claim.

Defendants object on the ground that this amended interrogatory seeks irrelevant information because whether Defendant Collidion deems a process to be one of its trade secrets does not bear on whether the law supports Plaintiff's claim of trade secrets misappropriation. This objection is OVERRULED. The question of whether Defendant Collidion claims that a manufacturing process for one of its HOCl products is its own trade secret could be relevant to a defense that Defendant Collidion developed the manufacturing process and HOCl products independently of Plaintiff's allegedly misappropriated trade secrets. Defendants are ORDERED to respond to Plaintiff's Amended Interrogatory No. 16 by April 6, 2018.

Plaintiff also seeks a further deposition of Defendant Collidion's Rule 30(b)(6) witness, because according to the February 23, 2018 joint discovery letter, the witness did not respond to questions on the topic of the company's plans to enter the HOCl market during his original deposition. Accordingly, the Court ORDERS Defendant Collidion to submit its Rule 30(b)(6) witness to a further deposition to testify to Defendant Collidion's response to Plaintiff's Amended

Interrogatory Nos. 11-16 and 21, if Defendant Collidion responds that it has developed the type of HOCl products at issue. The parties shall meet and confer to schedule the deposition to take place no later than April 27, 2018, if needed, after a response is served.

### 2. Requests about Defendant Collidion's Customers

Plaintiff issued several discovery requests seeking information on Defendant Collidion's potential customers. The requests did not adequately define the vague term "potential customers," so the Court ordered Plaintiff to clarify its definition before Defendant Collidion was obligated to respond.

In the status report, Plaintiff proposes the following amended interrogatory request:

> Plaintiff's Amended Interrogatory No. 17: State whether Collidion, through its current or former employees, has ever contacted anyone that you know to be a customer of Sonoma Pharmaceuticals, Inc. (f/k/a Oculus Innovative Sciences, Inc.), and, if so, for each person, state: (a) the customer's name and address; (b) the name and address of the person who contacted the customer; (c) the date and place when the customer was contacted; (d) the means by which the customer was contacted; (e) the reason that customer was contacted; (f) whether the customer had notice that Defendants Alimi, Harish, or Shaffer were no longer employed by the plaintiff, and, if so, how the customer received that notice; and (g) whether any business was conducted with the customer, and, if so, describe the business.

The amended interrogatory no longer seeks information about potential customers, but asks only about Defendant Collidion's contacts with anyone it knows to be one of Plaintiff's customers. Defendants object to Amended Interrogatory No. 17 because it does not sufficiently define the scope of the term "customer."

Plaintiff has narrowed the interrogatory to seek information from Defendant Collidion about known customers, which goes a long way to cure the original overbreadth. However, the interrogatory is still overbroad as to the definition of "customer" insofar as it does not clarify whether it includes within its scope individuals who purchased from direct retailers. The Court ORDERS Plaintiff to further refine Amended Interrogatory No. 17 to address whether the definition of "customer" includes direct retail sales to known individual customers. Barring any further meritorious objection from Defendants to the further revised request which the parties cannot resolve after meeting and conferring despite the Court's guidance on this narrow issue,

which seems unlikely, Defendant Collidion shall respond to the request within seven days of its receipt. Once a response is served, Defendant Collidion is further ORDERED to make its Rule 30(b)(6) witness available for a further deposition about its response. The parties shall meet and confer, after a response is served, to schedule the deposition to take place no later than April 27, 2018.

### 3. Briefing Schedule for Defendants' Pending Motion for Partial Summary Judgment

In light of the parties' expectation that they can complete the remaining discovery (including the device inspection and the additional discovery ordered above) by April 27, 2018, the Court adopts their proposed schedule to complete briefing on Defendants' motion for partial summary judgment, with a slight modification to the hearing date:

- Plaintiff to file an opposition by May 1, 2018
- Defendants to file a reply by May 8, 2018
- Hearing to be held on May 22, 2018 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: March 30, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge